Louis F. Teran (SBN 249494)
lteran@slclg.com
SLC LAW GROUP
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Telephone:  (818) 484-3217 x200
Facsimile:  (866) 665-8877

Attorneys for Plaintiff
NEW AGE IMPORTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW AGE IMPORTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VD IMPORTERS, INC., a Florida corporation; and<br><br>VINEET GUPTA, a Florida resident,<br><br>Defendants. | Case No.: 17-cv-2154<br><br>**COMPLAINT FOR:**<br>**1)  TRADEMARK INFRINGEMENT**<br>**2)  TRADEMARK COUNTERFEITING**<br>**3)  FALSE DESIGNATION OF ORIGIN**<br>**4)  UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1   New Age Imports, Inc. ("NEW AGE"), by and through its attorneys of record,

2   complains against Defendants VD Importers, Inc. and Vineet Gupta (collectively

3   "Defendants"), alleging as follows:

4   **JURISDICTION AND VENUE**

5   1.      This is a civil action against Defendants for trademark infringement,

6   counterfeiting, false designation of origin, and unfair competition under the Lanham Act;

7   and unfair competition under common law.

8   2.      This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C.

9   §§1051 *et seq.,* 28 U.S.C. §1338(a)-(b), and supplemental jurisdiction over the remaining

10  claims pursuant to 28 U.S.C. §1367.

11  3.      Venue is proper in this district under 28 U.S.C. §1391(b)-(c) and 28 U.S.C.

12  §1400(a), in that the claims arise in this Judicial District, the Defendants transact business

13  in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial

14  District.  Defendants are subject to the general and specific personal jurisdiction of this

15  Court because of their contacts with the State of California.

16  4.      This Court has personal jurisdiction over Defendants.  Amongst other

17  things, Defendants have engaged in direct, contributory, or vicarious trademark

18  infringement, or have otherwise induced trademark infringement in this judicial district.

19  Further, Defendants have engaged in continuous and systematic business in California,

20  and upon information and belief, derive substantial revenues from commercial activities in

21  California.  Specifically, Defendants have (1) designed, manufactured, sourced, imported,

22  offered for sale, sold, distributed, or shipped infringing merchandise to persons within this

23  State in the ordinary course of trade; (2) engaged in acts or omissions outside of this State

24  causing injury within the State; or (3) otherwise made or established contacts with this

25  State sufficient to permit exercise of persona jurisdiction.

26  **PARTIES**

27  5.      Plaintiff New Age Imports, Inc. ("NEW AGE") is a corporation established

28  and existing under the laws of the state of California and having a principal place of

business in the state of California.

2

6.      Defendant VD Importers, Inc. ("VDI") is a corporation established and existing under the laws of the state of Florida and having a principal place of business in the state of Florida.

7.      Defendant Vineet Gupta ("GUPTA") is an individual resident of the state of Florida and the President and owner of VDI.

**STATEMENT OF FACTS**

8.      NEW AGE was established in 1995 and designs, develops, distributes, and sells innovative and unique products such as fragrances, statutes, tote bags, crates, bowls, mugs, clothing, and more.

9.      NEW AGE owns and uses in commerce the trademark "NEW AGE IMPORTS".  NEW AGE has spent substantial time, money, and effort in developing consumer recognition and awareness of its trademark.  Through extensive use of its trademark, NEW AGE has built and developed significant goodwill in its products.

10.      NEW AGE has used the mark "NEW AGE IMPORTS" since at least 1995.

11.      On May 30, 2017, NEW AGE was issued U.S. Trademark Registration No. 5,212,006 for the mark "NEW AGE IMPORTS, INC." ("Mark").  Attached hereto as **Exhibit A** is a true and correct copy of NEW AGE's trademark registration.

12.      VDI was established in 2008 and imports and sells various products throughout the Untied States through its own website located at www.vdimporters.com and through third-party websites such as www.amazon.com and the like.

13.      NEW AGE is informed and believes that GUPTA is the owner and president of VDI.

**DEFENDANTS' UNLAWFUL ACTIVITES**

14.      Beginning on a date that is currently unknown to NEW AGE and continuing to the present, Defendants have, without the consent of NEW AGE, offered to sell and sold within the United States, including within this judicial district, goods that were neither made by nor authorized by NEW AGE using reproductions, counterfeits, copies, and imitations of NEW AGE's trademark.

15.     Thus, NEW AGE is informed and believes, and upon such, alleges that in order to receive higher profits, Defendants have held themselves out to be sponsored by, affiliated with, and otherwise connected with NEW AGE.  Specifically, Defendants have advertised, offered for sale, and sold products using NEW AGE's trademark.

16.     On June 30, 2016, NEW AGE sent Defendants a cease and desist notice and warning against their use of NEW AGE's trademark.  Defendants have elected to ignore NEW AGE's notice.

17.     As of December 7, 2017, Defendants sell products online through www.amazon.com under the alias "devineproducts" but identify some of their products to be "by New Age Imports, Inc."  Attached hereto as **Exhibit B** are true and correct copies of advertisements of infringing items that Defendants publish on www.amazon.com through which they sell said infringing items.

18.     On or around November 11, 2017, NEW AGE purchased some products through www.amazon.com that Defendants advertised as "by New Age Import, Inc.".

19.     NEW AGE inspected the items purchased and determined that the items were unauthorized counterfeits:  the products were substantially similar to the products manufactured and sold by NEW AGE.

20.     Defendants have intentionally and knowingly received payments for these unauthorized and counterfeit products within this Judicial District.

21.     Defendants intentionally used the alias "devineproducts" to sell the infringing goods through www.amazon.com so as to hide their true identity.

22.     Through such business activities, Defendants purposely derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of California, and in doing so, have knowingly harmed NEW AGE.

23.     Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized and counterfeit products sold and distributed by Defendants.  By their wrongful conduct, Defendants have traded upon and diminished the goodwill of NEW AGE's trademark.  Further, the sale and distribution of the infringing goods by

4

1   Defendants have infringed NEW AGE's trademark.

2       24.    Defendants, by offering to sell, selling, importing, and encouraging others to

3   import infringing goods in this manner, were causing and are likely to cause further

4   confusion or mistake or deceive consumers who purchase infringing goods.

5   **FIRST CAUSE OF ACTION**

6   **(Trademark Infringement)**

7       25.    NEW AGE incorporates here by reference the allegations set forth in

8   paragraphs 1 through 24 above.

9       26.    NEW AGE is the legal owner of the federally registered Trademark as set

10  forth in detail in the foregoing paragraphs.

11      27.    NEW AGE's trademark is valid, protectable, and distinctive that NEW AGE

12  has continuously used to promote its goods since 1995.

13      28.    Defendants have used marks confusingly similar to NEW AGE's trademark

14  in violation of the Lanham Act.  Indeed, Defendants' use of confusingly similar imitations

15  of NEW AGE's trademark is likely to cause confusion, deception, and mistake by creating

16  the false and misleading impression that Defendants' products are manufactured,

17  produced, distributed, endorsed, sponsored, approved, or connected with NEW AGE.

18  Plaintiff is informed and believes and thereon alleges that Defendants utilized NEW

19  AGE's trademark in order to create consumer confusion and have in fact created

20  consumer confusion including but not limited to initial interest confusion and confusion as

21  to affiliation or association between NEW AGE on one hand and Defendants on another.

22      29.    At no time did Defendants have the authorization, legal right, or consent to

23  engage in such activities in disregard of NEW AGE's rights in NEW AGE's trademark.

24      30.    Defendants' actions complained of herein were intentional, willful, and

25  malicious with a deliberate intent to trade on the goodwill associated with NEW AGE's

26  trademark.

27      31.    NEW AGE is informed and believes and thereon alleges that as a proximate

28  result of the unfair advantage accruing to Defendants' business from deceptively trading

on NEW AGE's advertising, sales, and consumer recognition, Defendants have made

substantial sales and profits in amounts to be established according to proof.

32.     As a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on NEW AGE's advertising, sales, and consumer recognition, NEW AGE has been damaged and deprived of substantial sales and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof.

33.     NEW AGE is informed and believes, and thereon alleges that, unless restrained by the Court, Defendants will continue to infringe NEW AGE's trademark, thus, engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford NEW AGE adequate relief for the damage to its trademark in the public perception.  Further, NEW AGE is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin sponsorship, and affiliation of Defendants and their goods.

34.     NEW AGE is informed and believes and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of NEW AGE's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and cause injury to the reputation and goodwill associated with NEW AGE's trademark. At a minimum, NEW AGE is entitled to injunctive relief and to recover Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees.  In addition, NEW AGE is entitled to an order requiring destruction of all infringing materials in Defendants' possession.

## SECOND CAUSE OF ACTION
### (Trademark Counterfeiting)

35.     NEW AGE incorporates here by reference the allegations set forth in paragraphs 1 through 34 above.

36.     Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses.  To combat counterfeits, Congress added anti-counterfeiting provisions to the Lanham Act.

37.     California has a similar statute in Business and Profession Code §14250.

38.    Defendants' actions also constitute use of one or more "counterfeit marks" as defined by 15 USC §1116(d).

39.    Defendants' unauthorized use of NEW AGE's trademark to distribute their products has caused and is causing consumer confusion about the source and sponsorship of these infringing goods.

40.    Defendants' infringement has caused considerable damage to the goodwill of NEW AGE and diminished the brand recognition of NEW AGE's trademark.

41.    Defendants' unauthorized use of NEW AGE's trademark has further resulted in lost profits to NEW AGE and has resulted in a windfall for Defendants.

42.    Because of the willful nature of the counterfeiting, NEW AGE is entitled to an award of statutory damages of up to $2,000,000 pursuant 15 USC §1117(c)(2).

43.    In the alternative, and at a minimum, NEW AGE is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, costs, and reasonable attorneys' fees.

44.    On information and belief, Defendants had actual knowledge of the their wrongful conduct.  Defendants' corporate officers and directors directed and materially profited from the activities of their companies' counterfeiting, in the form of increased salaries, benefits, and share price.  As such, the corporate officers and directors are further jointly and severally liable for the infringing and counterfeiting claims.

45.    The acts of direct and/or contributory infringement committed by Defendants have caused and will continue to cause, Plaintiff irreparable harm unless enjoined by this Court.

## THIRD CAUSE OF ACTION

### (False Designation of Origin/Unfair Competition)

46.    NEW AGE incorporates here by reference the allegations set forth in paragraphs 1 through 45 above.

47.    NEW AGE is informed and believes and thereon alleges that NEW AGE's trademark has become associated in the minds of consumers with NEW AGE and its respective goods.

48.     Defendants have caused to enter into interstate commerce products that Defendants marketed through use of marks that are likely to cause confusion to NEW AGE's trademark.

49.     The marketing and sale of Defendants' products constitutes false designation of origin, which is likely to cause confusion and mistake and to deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by NEW AGE.

50.     NEW AGE is informed and believes and thereon alleges that as a proximate result of Defendants' false designation of origin, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

51.     NEW AGE is informed and believes and thereon alleges that unless restrained by this Court, Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to NEW AGE and engendering a multiplicity of lawsuits.  Pecuniary compensation will not afford NEW AGE adequate relief for its resulting damages.  Further, NEW AGE is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of defendants' goods and services.

52.     NEW AGE is informed and believes and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of NEW AGE's trademark and with an intent to cause confusion, to cause mistake, and to deceive, and to cause injury to the reputation and goodwill associated with NEW AGE and NEW AGE's trademark.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

53.     NEW AGE incorporates here by reference the allegations as set forth in paragraphs 1 through 52 above.

54.     Upon information and belief, Defendants will continue to infringe NEW AGE's trademark.

8

55.     By the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched.

56.     As a direct and proximate result of the acts and activities of Defendants complained of herein, NEW AGE has been damaged in an amount not yet ascertainable. When NEW AGE has ascertained the full amount of damages, it will seek leave of court to amend this Complaint accordingly.

57.     NEW AGE is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, with full knowledge of the adverse effect of their actions on NEW AGE, and with willful and deliberate disregard for the consequences to NEW AGE.

## **PRAYER FOR RELIEF**

WHEREFORE, NEW AGE respectfully requests the following relief against Defendants as follows:

1.     Defendants' profits;

2.     Actual damages;

3.     Punitive damages;

4.     Statutory damages;

5.     Trebling of damages for a willful violation;

6.     Injunctive relief;

7.     The impoundment and destruction of all infringing goods;

8.     Attorneys' fees;

9.     Costs of suit; and

10.     For such other and further relief as the Court may deem just and equitable.

DATED:  December 4, 2017

By:_____

Louis F. Teran
Attorney for Plaintiff New Age Imports, Inc.

9

# DEMAND FOR JURY TRIAL

Plaintiff New Age Imports, Inc. hereby demands trial by jury of all issues so triable under the law.

DATED:  December 4, 2017

By:_____

Louis F. Teran
Attorney for Plaintiff New Age Imports, Inc.

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# NEW AGE IMPORTS, INC.

**Reg. No. 5,212,006**

**Registered May 30, 2017**

**Int. Cl.: 3, 6, 18, 20, 21, 24, 25**

**Trademark**

**Principal Register**

New Age Imports, Inc. (CALIFORNIA CORPORATION)
1013 S Melrose St
Placentia, CA 92870

CLASS 3: Incense; Incense sticks; Fragrances; Fragrance emitting wicks for room fragrance; Oils for perfumes and scents; Scented oils

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995

CLASS 6: Statues made of common metals

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995

CLASS 18: Tote bags

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995

CLASS 20: Sea shells; Crates

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995

CLASS 21: Incense burners; Bowls; Cauldrons; Mugs

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995

CLASS 24: tapestries of textile

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995

CLASS 25: Clothing, namely, sarong, skirts, t-shirts

FIRST USE 6-1-1995; IN COMMERCE 6-1-1995

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "IMPORTS, INC."

SER. NO. 87-013,807, FILED 04-26-2016
MERIDITH E. DEBUS, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT B











